**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3049
_____

KENDRA O'BRYANT; BRIAN FLANDERS; ARTIE PEOPLES,
Appellants

v.

NEW JERSEY DIVISION OF CHILD PROTECTION AND
PERMANENCY, (#DCP&P) formerly known as DIVISION OF YOUTH &
FAMILY SERVICES; LISA VON PIER; ALLISON BLAKE;
LISA CAPONE; CONCHITA VARGA; BRYANT ROLLS; SHERIFF
GILBERT WILSON, "WHIP"; SHERIFF DEPUTY T. NICHOLS;
ALICIA ASH; SHERIFF DEPUTY GURKIN; JONATHON GARRETT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-07752)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2020
Before:  SHWARTZ, RESTREPO, and NYGAARD, Circuit Judges

(Opinion filed: June 16, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Plaintiffs Kindra O'Bryant, Brian Flanders and Artie Peoples appeal from the District Court's order dismissing their complaint for lack of jurisdiction and, alternatively, abstaining under Younger v. Harris, 401 U.S. 37 (1971). We will affirm in part, vacate in part, and remand for further proceedings.

I.

For present purposes, we accept plaintiffs' factual allegations as true and liberally construe them in plaintiffs' favor. O'Bryant is the mother of three minor children, the youngest of whom (K.F.) was born in August 2017. Flanders, who is K.F.'s father, lives or lived with O'Bryant and her two other children. Peoples is O'Bryant's father and periodically cared for the children as well.

Plaintiffs filed this suit[1] pro se under 42 U.S.C. §§ 1983 and 1985 naming two groups of defendants to which we refer as the Child Protection Defendants and the Sheriff Defendants.[2] It is unnecessary for present purposes to recount all of plaintiffs' allegations. In brief, however, plaintiffs alleged that defendants wrongfully seized O'Bryant's two other children while she was in the hospital giving birth to K.F. and then immediately seized K.F. as well. Plaintiffs acknowledged that defendants did so at or

---

[1] The copies of plaintiffs' complaint filed below and submitted on appeal are missing page five. Neither the District Court nor the parties have addressed that issue.

[2] The Child Protection Defendants are the New Jersey Division of Child Protection and Permanency and certain of its officials and employees. The Sheriff Defendants are the Camden County Sheriff, two deputy sheriffs, and various John Doe defendants. Because our disposition does not require us to identify the alleged conduct of specific defendants, we refer at times to allegations against "defendants" or groups thereof without suggesting that any specific defendant engaged in or is responsible for the specific conduct alleged.

near the time of filing a child abuse/neglect complaint against O'Bryant and Flanders in New Jersey state court (which, as far as the record reveals, remains pending). Plaintiffs, however, did not directly assert any claims regarding that proceeding.

Instead, they alleged that defendants' seizure of the children violated plaintiffs' constitutional rights because the children were not in imminent danger of abuse or neglect and defendants had no lawful justification for believing otherwise. Plaintiffs also alleged that the seizure followed an abusive investigation during which defendants coerced O'Bryant into signing an unnecessary and unworkable family plan agreement under threat of removing her children but then removed her children anyway after breaching defendants' own promise to help remedy various living conditions about which they expressed concern.

On the basis of these and other allegations, plaintiffs sought damages and injunctive relief, including an order requiring defendants to implement policies regarding the removal of children from their parents. The defendants filed motions to dismiss plaintiffs' complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The District Court granted those motions and dismissed plaintiffs' complaint for lack of jurisdiction. The District Court also concluded that, if it had jurisdiction, it would abstain from exercising it under Younger. Plaintiffs appeal.[3]

---

[3] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint for lack of subject matter jurisdiction. See Susinno v. Work Out World, Inc., 862 F.3d 346, 348 (3d Cir. 2017). We also exercise plenary review over the legal requirements for abstention, but we review the District Court's ultimate decision to abstain for abuse of discretion. See Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005).

## II.

The Due Process Clause places procedural and substantive limits on a State's ability to interfere with parents' rights "in the custody, care and management of their children." Croft v. Westmoreland Cty. Children & Youth Servs., 103 F.3d 1123, 1125 (3d Cir. 1997). Plaintiffs allege that defendants violated those rights in this case. None of the defendants argued below that the plaintiffs failed to state—or by amendment could not state—any plausible constitutional claim based on the removal of O'Bryant's and Flanders's children from their care. Nor did the District Court address that issue. Instead, the District Court concluded that it lacked subject matter jurisdiction under the "domestic relations" exception to federal jurisdiction and that, in the alternative, it would abstain from exercising such jurisdiction under Younger. Plaintiffs challenge both of those rulings on appeal, and we agree that those rulings require remand.

### A.     Subject Matter Jurisdiction

None of the defendants invoked the "domestic relations" exception below, and none squarely defends the District Court's reliance on that exception on appeal. That is for good reason. The domestic relations exception is "an exception to federal diversity jurisdiction," and it "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." Matusow v. Trans-County Title Agency, LLC., 545 F.3d 241, 245 (3d Cir. 2008) (emphasis added and quotation marks omitted). This exception does not apply to claims like the plaintiffs' here that invoke federal question jurisdiction, see McLaughlin v. Pernsley, 876 F.2d 308, 312-13 (3d Cir. 1989), and plaintiffs' claims do not involve any divorce, alimony or child custody decree.

4

The Child Protection Defendants nevertheless argue that plaintiffs' claims represent an unwarranted intrusion on their ability to investigate cases of child abuse and neglect. Relatedly, all defendants argue (either expressly or by analogy) that plaintiffs' claims are barred by the Rooker-Feldman doctrine. Characterizing plaintiffs' claims as relating solely to the State's investigation, however, construes them too narrowly. Plaintiffs are not merely challenging defendants' investigation. Instead, their allegations can be read to challenge specific instances of alleged misconduct, including the removal of O'Bryant's and Flanders's children from their custody.

For similar reasons, the Rooker-Feldman doctrine does not apply. That narrow doctrine divests federal courts of jurisdiction to hear what are in essence appeals from state-court judgments, and it applies only when (inter alia) the plaintiffs have lost in state court and seek to redress injuries allegedly caused by the state-court judgment. See B.S. v. Somerset Cty., 704 F.3d 250, 259-60 (3d Cir. 2013). The doctrine does not apply here because the injuries of which plaintiffs complain are traceable to defendants' alleged conduct rather than to any state-court judgment (which in this case apparently has yet to issue). See id. at 260. Thus, we will vacate the District Court's ruling that it lacked subject matter jurisdiction over this dispute.

## B.    Abstention

The District Court alternatively concluded that it would abstain under Younger in favor of the New Jersey abuse/neglect proceeding. The District Court did so after accepting defendants' invitation to apply a three-part test derived from Middlesex County Ethics Committee v. Garden States Bar Ass'n, 457 U.S. 423 (1982). As defendants now

acknowledge, however, "the three Middlesex conditions are no longer the test for Younger abstention" following Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013). Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 462 (3d Cir. 2019) (quotation marks omitted). Instead, under Sprint, the three Middlesex factors come into play only after a District Court concludes that a civil action relates to an ongoing state-court proceeding that falls within one of three categories: "(1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. (quotation marks omitted).

Consistent with defendants' arguments below, the District Court did not determine whether the New Jersey child abuse/neglect proceeding fits within any of these categories. The Sheriff Defendants now appear to argue that the proceeding fits within the second. The Child Protection Defendants, by contrast, argue that it fits within the third. We decline to resolve these issues in the first instance in part because the decision whether to abstain ultimately is committed to the District Court's discretion. Thus, we will vacate the District Court's decision to abstain under Younger as well. The District Court is free to revisit that issue under the proper legal framework.

### C. Remaining Issues

Finally, the defendants argue that we should affirm on various alternate grounds specific to various categories of claims and defendants. We decline to address most of those issues in the first instance under the circumstances presented here. Among those circumstances are the facts that none of the defendants' alternative arguments would

6

appear to resolve this case in its entirety and that many of them, even if meritorious, might warrant leave to amend the complaint. As with abstention, the decision whether to permit amendment is within the discretion of the District Court (though District Courts generally must permit amendment, whether requested or not in civil rights cases like this, unless it would be inequitable or futile). See Mullin v. Balicki, 875 F.3d 140, 150-51 (3d Cir. 2017). Thus, we decline to address most of defendants' alternative arguments, and the District Court is free to consider them on remand.

There is one exception. The Child Protection Defendants argue that the Division and its employees in their official capacities are entitled to Eleventh Amendment immunity from plaintiffs' claims for monetary damages because the Division is an arm of the State of New Jersey. We agree. See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002) (explaining that the Eleventh Amendment "render[s] states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court"). Thus, we will affirm the dismissal of plaintiffs' claims for monetary damages against these defendants on this alternate ground. We express no opinion on whether the immunity of the Division's employees extends to plaintiffs' claims for injunctive relief. See id.

III.

For these reasons, we will affirm the judgment of the District Court in part, vacate it in part, and remand for further proceedings. In doing so, we express no opinion on the truth of plaintiffs' allegations, on the merits of their remaining claims, or on whether

those claims are otherwise sufficient to proceed beyond the pleading stage. Plaintiffs' request in their brief for appointment of counsel is denied because we perceive no need for counsel for this appeal.